Edward Zoebisch *vs.* Eben Tarbell & another.

One who is injured by falling through a trap-door in a portion of a factory which is not open to the public, but is intended exclusively for workmen, and where the owner had held out no invitation or allurement, express or implied, for him to enter, cannot recover damages therefor against the owner of the factory.

Tort to recover damages for a personal injury sustained by the plaintiff by reason of falling through a trap-door in the defendants' factory. The original plaintiff, Karl Brandt, having died since the action was commenced, it was prosecuted by the present plaintiff as administrator of his estate.

At the trial in the superior court, before *Ames,* J., the following facts appeared: The defendants are brass-founders and manufacturers of gas fittings, having a shop in Bromfield Street, and a foundery in Concord Street. The front room of the lower story of the latter building was used for brazing and annealing; and the principal foundery was back of this, three or four feet lower, and separated by a partition. In the latter room there was a scuttle, used for lowering heavy articles into the cellar and raising them therefrom. The only access from the street door to this room was through the front room. Upon the front door of the building there was a sign with the words " No admittance." And it was agreed that it might be taken as proved, if admissible, that the building was not open to the public, and that direction had been given to the workmen not to admit visitors. The

doors had spring locks, and were usually kept closed; but persons coming to the front door on business were generally admitted. Persons also who lived in that neighborhood occasionally called and left orders there for repairs. But it did not appear that the inner room was visited at all, except by persons employed there.

The deposition of Karl Brandt was introduced, in which he testified that he was a manufacturer of plated ware; that on the 7th of December 1863 he called on the defendants at their foundery building in Concord Street and saw Eben Tarbell upstairs; that he made inquiry about certain brass castings which he had previously ordered, and Tarbell answered that they must be nearly ready, and sent one of the workmen down into the foundery; that Brandt followed, and went into the foundery, and there examined the castings, and left the foundery alone, and in going towards the door fell into the scuttle and was greatly injured; that he could not say that the workman was directed to show him into the foundery when he followed him, but nothing was said against his going, and no caution was given to him, or notice of any kind about the opening. On cross-examination he said that not a word was said to him or by him about his going into the foundery; and it appeared that he had never been in the building before.

The judge ruled that, assuming these facts to be true, the plaintiff was not entitled to recover, and directed a verdict for the defendants, which was rendered accordingly. The plaintiff alleged exceptions.

*T. F. Currier*, for the plaintiff.

*A. A. Ranney*, for the defendants.

BIGELOW, C. J. The principles of law on which cases of this nature depend are fully stated in the recent case of *Sweeny* v. *Old Colony & Newport Railroad, ante,* 368. We cannot see that the facts proved at the trial furnish any plausible ground for holding the defendants liable. There is no evidence that the plaintiff's intestate entered that part of the premises where the accident happened in consequence of any invitation or inducement, either express or implied, held out by the defendants. Or

the contrary, he went on his own mere motion to a place where customers or visitors were not accustomed to go, where there was no place prepared for them to pass, and which was designed only for workmen engaged in the business carried on there and who were familiar with the premises. Nor did he go to the place of the accident with the knowledge or assent of the defendants or their servants. He was at best acting under an implied license only. He therefore took on himself the risk of the perils to which he was exposed in going to places which were not intended or prepared for visitors or strangers.

*Exceptions overruled.*